**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| MARK GORDON, | : | | |
| | : | | |
| Plaintiff, | : | Case No.: | 1:13-mc-00021-RC |
| | : | | |
| v. | : | | |
| | : | | |
| MARK J. BORIGINI, M.D., | : | | |
| | : | | |
| Defendant. | : | | |

**MEMORANDUM OPINION**

**DENYING MOTION TO ENFORCE AND COMPEL NON-PARTY SUBPOENA**

**I. INTRODUCTION**

This action arises from the plaintiff's motion to enforce a non-party subpoena and compel production against Dr. Mark Borigini. The subpoena was issued and served in the U.S. District Court for the District of Maryland. For the reasons discussed below, plaintiff's motion to enforce the non-party subpoena is denied and the case is dismissed.

**II. FACTUAL BACKGROUND**

Plaintiff Mark Gordon, who suffers from Lupus, brought suit against Federal Express Corporation and Aetna Life Insurance Company seeking review of denial of his disability benefits pursuant to the Employee Retirement Income Security Act of 1974 (ERISA) in the U.S. District Court for the Middle District of Florida. Pl.'s Mot. to Enforce Non-Party Subpoena and Compel Produc. (Dkt. No. 1) at 1 & Ex. Q ("Pl.'s Mot."). The underlying litigation is still

currently pending in that District. Following the issuance of a limited discovery order[1] by Magistrate Judge Douglas Frazier in the Middle District of Florida, plaintiff has sought further discovery against Dr. Mark Borigini. Dr. Borgini served as a medical reviewer for MES Solutions and reviewed Gordon's continuing claim for disability benefits. Pl.'s Mot. (Dkt. No. 1) at 1–2. The named defendants in plaintiff's underlying litigation allegedly relied on a corrected peer report prepared by Dr. Borigini to terminate plaintiff's disability benefits. *Id.*

On September 19, 2012, plaintiff served Dr. Borigini with a third-party subpoena in the above-mentioned case. The subpoena was issued by the U.S. District Court for the District of Maryland. Two months later, plaintiff filed a motion to enforce the subpoena and compel production in the District for the Middle District of Florida, Jacksonville Division. Def.'s Opp'n to Mot. to Enforce Subpoena and Compel Produc. (Dkt. No. 4) at 2. The Jacksonville Division transferred the case to the Fort Myers Division. *Id.* Plaintiff then moved to strike his motion on January 7, 2013, noting he "inadvertently mailed [the] document for filing to the wrong Court." *Id.*, Ex. B. The court construed plaintiff's motion to strike as a motion to dismiss the case and granted dismissal. *Id.*, Ex. C. The court further counseled plaintiff that the relevant subpoena was issued out of the District of Maryland and that a motion to quash would be properly filed with that court. *Id.* The plaintiff proceeded to file a motion to enforce the subpoena in this Court on January 10, 2013, *see* Pl.'s Mot., which the defendant opposes.

---

[1] The Order of July 31, 2012 states that "[t]he Plaintiff may serve one (1) interrogatory addressing the circumstances surrounding the unsigned and corrected MES peer reviewer's report completed by Dr. Borigini." Pl.'s Mot. to Enforce Non-Party Subpoena and Compel Produc. (Dkt. No. 1–8), Ex. H, at 7. Thus, plaintiff's subpoena commanding Dr. Borigini to produce various documents appears to be inconsistent with Magistrate Frazier's order permitting limited discovery of one interrogatory. Since this Court is denying plaintiff's motion because the subpoena was issued from the U.S. District Court for the District of Maryland, the Court does not address the validity of plaintiff's request of documents from Dr. Borigini.

### III. ANALYSIS

Federal Rule of Civil Procedure 37(a)(1) states that "a party may move for an order compelling disclosure or discovery." FED. R. CIV. P. 37(a)(1). Further, "[a] motion for an order to a nonparty must be made in the court where the discovery is or will be taken." FED. R. CIV. P. 37(a)(2). A subpoena for production or inspection "must issue . . . from the court for the district where the production or inspection is to be made." FED. R. CIV. P. 45(a)(2). "Subpoenas are process of the issuing court," *Watts v. S.E.C.*, 482 F.3d 501, 506 (D.C. Cir. 2007) (internal citations omitted), and "[t]he language of Rule 45 clearly contemplates that the court enforcing a subpoena will be the court that issued the subpoena." *United States v. Star Scientific, Inc.*, 205 F. Supp. 2d 482, 484–85 (D. Md. 2002); *see also* FED. R. CIV. P. 45(a)(2), Advisory Committee Note, 1991 Amendments (noting "the court in whose name the subpoena is issued is responsible for its enforcement").

Here, the subpoena has been issued by the District Court for the District of Maryland, yet the plaintiff filed a motion to compel with this Court. Plaintiff explains that the subpoena was served on Dr. Borigini at his apparent home address in Maryland, but at all times Dr. Borigini responded to plaintiff's counsel from a Washington, D.C. address, as evidenced by the letterhead on Dr. Borigini's correspondence. Pl.'s Resp. to Def.'s Opp'n to Enforce Subpoena (Dkt. No. 5) at 2. Although plaintiff does not clearly state a basis for why he filed his motion to compel in this District, the Court credits plaintiff's response as arguing that, since Dr. Borigini only responded to the subpoena from a Washington, D.C. address, this Court has the authority to enforce the subpoena. *Id.* The only plausible basis for plaintiff's decision is the text of Rule 37(a)(1), which stipulates "a motion for an order to a nonparty must be made in the court where the discovery is or will be taken." FED. R. CIV. P. 37(a)(2). Since Dr. Borigini responded to all of the plaintiff's

3

communications from an address in Washington, D.C. rather than the Maryland address at which he was served, the plaintiff arguably believed that this Court could properly enforce the subpoena as the plaintiff hopes "discovery. . . will be taken" in the District of Columbia. This does not negate, however, that the subpoena was originally issued from the District of Maryland and any motion to compel would properly be filed with that court. As previously stated, subpoenas are process of the issuing court and "nothing in the Rules even hints that any other court may be given the power to quash or enforce them." *In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998). Accordingly, the plaintiff's motion to enforce and compel is denied.

Defendant requests that this Court award him expenses incurred in opposing the plaintiff's motion pursuant to Federal Rule of Civil Procedure 37(a)(5), which states:

> [i]f the motion [to compel] is denied, the court . . . must, after giving an opportunity to be heard, require the movant . . . to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

The language of the rule is mandatory, and a court must award expenses unless one of the two exceptions is present. *Id.* A district court nevertheless has broad discretion under Rule 37 to impose sanctions for discovery violations and to determine what level of sanctions is appropriate. *See Jackson v. CCA of Tennessee, Inc.*, 254 F.R.D. 135, 138 (D.D.C. 2008); *see also Bonds v. Dist. of Columbia*, 93 F.3d 801, 807–8 (D.C. Cir. 1996); *DL v. Dist. of Columbia*, 251 F.R.D. 38, 49 (D.D.C. 2008).

The plaintiff's motion cannot be deemed substantially justified, as it was filed in the wrong court. Despite the plaintiff's misplaced motion, the Court nonetheless determines that awarding expenses would be unjust.  The plaintiff suffers from Lupus and is challenging the

denial of his disability benefits under ERISA. Plaintiff alleges that Dr. Borigini's corrected report was relied on by his disability plan administrator to deny him continued benefits and therefore seeks discovery regarding the circumstances behind Dr. Borigini's issuance of the corrected report. There is no indication that plaintiff's counsel erroneously filed the motion to compel in either Florida or this Court in order to gain strategic advantage. Thus, plaintiff, a disabled litigant, will still face the task of continuing to seek discovery responses from Dr. Borigini by acting upon the subpoena issued by the District Court for the District of Maryland. Accordingly, the Court finds that it would be unjust to require plaintiff to pay defendant's reasonable expenses in opposing the motion to enforce and compel, and the defendant's request is therefore denied.

## IV. CONCLUSION

The plaintiff's motion to enforce the non-party subpoena and compel production is hereby denied, and the case dismissed. The Court also declines to award defendant expenses and attorney's fees incurred in responding to plaintiff's motion. An Order consistent with this Memorandum Opinion is issued separately.

RUDOLPH CONTRERAS<br>
United States District Judge